## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ATUAHENE OPPONG | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : No. 02-CV-2149 |
| | : |
| FIRST UNION MORTGAGE CORPORATION, | : |
| WELLS FARGO HOME MORTGAGE, INC. | : |
| FRANCIS S. HALLINAN | : |
| | : **JUDGE EDUARDO C. ROBRENO** |
| Defendants | : |

## O R D E R

AND NOW, upon consideration of defendant Wells Fargo Home Mortgage, Inc.'s Renewed

Motion for Summary Judgment, and the response thereto, if any, it is hereby

ORDERED that the Motion is GRANTED, and it is further

ORDERED that all claims of plaintiff Atuahene Oppong against defendant Wells Fargo

Home Mortgage, Inc. are DISMISSED with prejudice.

BY THE COURT:

_____
                                          J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ATUAHENE OPPONG | : |
|  | : |
| Plaintiff | : |
| v. | : No. 02-CV-2149 |
|  | : |
| FIRST UNION MORTGAGE CORPORATION, | : |
| WELLS FARGO HOME MORTGAGE, INC. | : |
| FRANCIS S. HALLINAN | : |
|  | : **JUDGE EDUARDO C. ROBRENO** |
| Defendants | : |

**DEFENDANT WELLS FARGO HOME MORTGAGE, INC.'S
RENEWED MOTION FOR SUMMARY JUDGMENT**

Defendant Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), by its undersigned counsel,

hereby renews its motion for summary judgment dismissing the complaint of Atuahene Oppong

against it with prejudice.  In support of this renewed motion, Wells Fargo incorporates the annexed

memorandum of law.

SILVERMAN BERNHEIM & VOGEL

BY: _____

Daniel S. Bernheim, 3d, Esquire
Jonathan J. Bart, Esquire
Attorney for Defendant,
Wells Fargo Home Mortgage, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ATUAHENE OPPONG | : |
| | : |
| Plaintiff | : |
| v. | :   No. 02-CV-2149 |
| | : |
| FIRST UNION MORTGAGE CORPORATION, | : |
| WELLS FARGO HOME MORTGAGE, INC. | : |
| FRANCIS S. HALLINAN | : |
| | :   **JUDGE EDUARDO C. ROBRENO** |
| Defendants | : |

**MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION OF DEFENDANT**
**WELLS FARGO HOME MORTGAGE, INC. FOR SUMMARY JUDGMENT**

Defendant Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), by its undersigned counsel, respectfully submits this Memorandum of Law in support of its Renewed Motion for Summary Judgment dismissing the Complaint against it by plaintiff Atuahene Oppong ("Oppong") with prejudice.

**I.     PRELIMINARY STATEMENT**

In the law, a litigant generally gets "one bite at the apple."  Mr. Oppong - - an individual against whom a final judgment of mortgage foreclosure was entered in favor of Wells Fargo after several days of trial in 2002, followed by the denial of a motion for reconsideration and a dismissed state court appeal, subsequently filed the instant action (Exhibit "A" hereto) raising the **same** claims

-3-

allegedly arising under the Fair Debt Collection Practices Act ("FDCPA") as were fully litigated and lost by him in the state court action.[1]

After discovery, Wells Fargo, along with the other defendants, moved for summary judgment (Exhibit "B" hereto), which was granted by this Court (Exhibit "C' hereto). Among the grounds raised in Wells Fargo's summary judgment motion was the preclusive effect of the state court litigation upon Oppong's claims in this action. However, the Court based its determination solely on substantive FDCPA issues, namely, that Oppong had come forward with no proof that Wells Fargo is a "debt collector".

Once again, Oppong took an appeal to the United States Court of Appeals for the Third Circuit which affirmed the summary judgment in all respects with the exception of the Court's conclusion that Wells Fargo was not a "debt collector" under the FDCPA subject to liability, even though Mr. Oppong had presented no evidence to the contrary. The Third Circuit's opinion (Exhibit "D" hereto) held that there was an insufficient record to determine whether Wells Fargo was a "debt collector" under the statute and, even though Wells Fargo invited the Third Circuit to affirm on the alternate grounds of issue and claim preclusion and that Wells Fargo complied with the FDCPA notice requirements, the Court declined to do so on the basis that the District Court had not based its previous opinion on those issues. See, Exhibit "D" at pp. 8-9. Although Mr. Oppong sought reconsideration of the Third Circuit's opinion, that motion was denied.

Accordingly, after three cracks in state court (trial, reconsideration and appeal), a crack in Bankruptcy Court in which Oppong attempted to collaterally attack the mortgage foreclosure

---

[1]

Mr. Oppong also raised claims of assault and intentional infliction of emotion distress, which have been dismissed via the first summary judgment motion and are no longer before the Court.

judgment, leading Judge Fox to dismiss Oppong's adversary complaint against Wells Fargo on the ground that a "bankruptcy court does not sit in review of state court judgments (Exhibit "E" hereto)," and now three cracks in federal district court (summary judgment, appeal and reconsideration), Oppong seeks an eighth bite from his apple. Simply stated, there is no more fruit on this tree. The fact that Oppong has continued this litigation simply because (1) he has nothing else to do or (2) he wishes to exact revenge from Wells Fargo for foreclosing on a property **as to which he had made no payments for 5 years**[2] by subjecting it to incredibly burdensome, expensive and irrelevant discovery is borne out by the discovery served by Mr. Oppong subsequent to the remand.[3]

Mr. Oppong has served three sets of request for admission (Exhibit "F" hereto) seeking that Wells Fargo admit that it instituted mortgage foreclosure actions in Philadelphia and Miami, Florida in approximately 650 cases and produce all documents relating to every loan owned by Wells Fargo. Obviously, this information has no relevance whatsoever to the issue of whether Wells Fargo is a "debt collector" under the FDCPA, i.e., whether its "primary purpose" is the collection of debts for others. Indeed, Wells Fargo is the nation's largest originators of home mortgages (Exhibit "G" hereto) (statistics compiled from government sources by the National Training and Information Center - - a consumer group) and, as indicated in responses to interrogatories by Wells Fargo, over the last four years, Wells Fargo has originated over $1 trillion dollars in mortgages, more than 750 million of which are held by Wells Fargo. (Exhibit "H" hereto). For the purposes of determining

---

2

See, Judge Cohen's Opinion and Oppong's Motion for Post-Trial Relief, quoted at p.7, in re.

3

Wells Fargo has objected to these requests inasmuch as mortgage foreclosure actions do not constitute "debt collection activity" as a matter of law and accordingly, each of these 650 requests for admissions do not involve discoverable information.

whether the collection of debts is the "principal purpose" of Wells Fargo's business or that Wells Fargo is "regularly engaged" in debt collection, these statistics provide all of the information necessary to answer that question in the negative. Wells Fargo is the nation's largest originator of home mortgages and is not a "debt collector" as a matter of law. Given the utter travesty that Oppong is pursuing a case for the eighth time after losing in state and federal courts and given the incredibly burdensome and wholly irrelevant discovery Wells Fargo has objected to the request for admission and sent a letter to Oppong (Exhibit "I" hereto) advising him that he was clearly seeking information completely irrelevant to the issues, and that Wells Fargo would be forced to seek a protective order if the request for admission were not withdrawn. Almost gleefully, Mr. Oppong responded to that letter with a letter of his own saying that not only was he not going to withdraw them, he was enclosing yet another set and thanking Wells Fargo for having educated him on the merits of this case. (Exhibit "J" hereto).

There comes a point where litigation is not a game. Mr. Oppong may have acknowledged that he has substantial time on his hands and can sit around doing nothing but litigating this case - - but the fact remains that not only can Wells Fargo show that it is not a "debt collector" as a matter of law, the more important fact is that Mr. Oppong is not entitled to relitigate that which he already lost and unsuccessfully appealed. As pointed out in detail in Wells Fargo's original summary judgment motion (Exhibit "B" hereto), the foreclosure complaint alleged satisfaction of the FDCPA and that not only did Oppong admit that the FDCPA had been satisfied, he pleaded (under oath) that "plaintiff has waived its rights to Fair Debt Collection Practices Act." See, ¶11 of answer to second foreclosure complaint (Exhibit "F" to Wells Fargo's original summary judgment motion). Notwithstanding this express waiver, Oppong was allowed to litigate and fully litigated this issue

at trial in state court.  After Wells Fargo obtained judgment of foreclosure against Oppong, Oppong

filed a motion for post-trial relief (Exhibit "K" to summary judgment motion).  In that motion, Mr.

Oppong raised the identical arguments alleging violations of the Real Estate Settlement Procedure

Act ("RESPA") and the FDCPA that he has improperly reasserted in this proceeding.  In the opinion

of Judge Gene Cohen denying the motion for post-trial relief:

> The defendant alleges in his post-verdict motions as he did on several
> occasions prior to trial that the plaintiff violated the Fair Debt
> Collection Practices Act and the Real Estate Settlement Procedures
> Act.  The court will not address these issues as they have been ruled
> on against the defendant in both the Court of Common Pleas and the
> Unites States District Court for the Eastern District of Pennsylvania
> . . . it was undisputed that defendant had not made a mortgage
> payment since August 1, 1997.  Since that point the defendant has
> been availing himself of the tender mercies of the Court of Common
> Pleas and has been accommodated within the full reaches of the law.
> Nonetheless, each issue he has been raised has been addressed
> exponential times.  He has had his days in court.

See, Exhibit "K" hereto.

After losing at trial, Oppong filed an appeal to the Superior Court and he filed for bankruptcy

(asserting the same claims in the bankruptcy court) - - further delaying and frustrating Wells Fargo's

legal rights.  During the pendency of his bankruptcy, Oppong tried not once but twice to remove the

state court matter to federal court, the second effort resulting in an order stating "this is the second

attempt by the removing party to remove this case to federal court in what may be effort to frustrate

the mortgage foreclosure action in state court."  Exhibit "P" to first summary judgment motion.  The

bankruptcy was subsequently dismissed, as was the Superior Court appeal.  Oppong cannot avoid

the conclusion that all of his FDCPA claims have already been fully tried and resolved against him

in a final non-appealable determination.  Since the Court of Appeals invited this court to issue a

ruling on claim and issue preclusion, that should occur now before Oppong can continue his malicious and oppressive behavior which as noted above, appears to be merely a game to him.

Finally, it is also clear that the substantive allegation of a violation of the FDCPA are patently frivolous. As noted above, it was demonstrated at the state court trial that Oppong received the notice of validation of debt and that he not only acknowledged that he had received it, he further stated that there were no issues concerning the FDCPA. It was only **after** judgment that he sent a letter dated February 24, 2002 disputing the debt and requesting the name and address of the original creditor along with other frivolous allegations. At the point that letter was sent, Oppong was foreclosed from pursuing a dispute of the debt. In other words, the debt had already been litigated as valid. How Oppong can stand before this court and argue that that which he already admitted was legitimate now no longer is legitimate as a result of entry of judgment goes beyond mere frivolousness to the point of intentional bad faith pleading, even by a pro se litigant.

There is no further point to permitting Mr. Oppong to promulgate discovery which in essence will seek copies of every mortgage issued by the nation's largest mortgage originator and continue a never ending cycle of litigation. Shall Wells Fargo be forced to produce millions of mortgage documents? The time has come to put a final resolution to this litigation which has now endured for over 7 years. Mr. Oppong has already lost this case and should not be permitted to play games both with this court and his adversary. Wells Fargo is entitled to summary judgment dismissing the claims with prejudice.

## II.     STANDARDS FOR THIS MOTION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ. P. 56(c); Ozer v. Metro Media Restaurant Group, 2005 W.L. 525400 (E.D.Pa. 2005) (at *2). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might effect the outcome of the case under governing law. Id. A party seeking summary judgment bears the initial responsibility for informing the district court of the basis for its motion in identifying those portions of the record its believes demonstrates the absence of genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has carried its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Fed. R.Civ.P. 56(e). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, supra, 477 U.S. at 322. Under Rule 56, the court must view the evidence presented in the motion in the light most favorable to the opposing party. Anderson v. Liberty Lobby, supra, 477 U.S. at 255.

A court may determine issues of res judicata, collateral estoppel or the application of the Rooker-Feldman doctrine in the context of a summary judgment motion. See, e.g., in re Interlogic Trace, Inc., 200 F.3d 382, 386 (5th Cir. 2000).

Under the aforesaid standards, it is clear that Oppong cannot maintain an FDCPA cause of action against Wells Fargo because it was fully and finally litigated in state court.  Because any relitigation of that issue would violate the doctrines of <u>res judicata</u> and collateral estoppel, as well as run afoul of the Rooker-Feldman doctrine, summary judgment must be awarded to Wells Fargo.

**III.    SUMMARY JUDGMENT SHOULD BE GRANTED TO WELLS FARGO SINCE THE FDCPA ISSUES IN THE COMPLAINT WERE RESOLVED IN THE STATE COURT FORECLOSURE ACTION**

**A.    RES JUDICATA**

<u>Res judicata</u>, also known as claim preclusion, "is a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of that action.  <u>R/S Financial Corp. v. Kovalchick</u>, 552 Pa. 584, 716 A.2d 1228, 1230 (1998); <u>Michaels v. Pimlico Realty Company,</u> 2004, W.L. 2457735 (E.D.Pa. 2004) (at *3).  "<u>Res judicata</u> applies not only to claims actually litigated, but to claims which could have been litigated during the first proceedings if they were party of the same action." <u>Id.</u>  The preclusive effect of a state court judgment in a subsequent federal lawsuit is determined by the full faith and credit statute, which provides that state judicial proceedings **"shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such state . . . from which they are taken."** <u>Marrese v. American Academy of Orthopaedic Surgeons</u>, 470 U.S. 373, 380 (1985); 28 U.S.C. §1738.

Because the underlying mortgage foreclosure litigation occurred in a Pennsylvania state court, Pennsylvania law must be utilized to determine whether res judicata precludes the instant FDCPA claims.  <u>Michaels v. Pimlico Realty Company</u>, <u>supra</u> at *3, <u>citing</u>, <u>Urrutia v. Harrisburg County Police Department</u>, 91 F.3d 451, 461 (3rd Cir. 1996).  Under Pennsylvania law, <u>res judicata</u>

-10-

applies when there is (1) an identity of issues, (2) identity of causes of action, (3) identity of persons and parties to the action, and (4) identity of the quality and capacity of the party's suing or being sued in the two cases. In re Iulo, 564 Pa. 205, 766 A.2d 335, 337 (2001). A claim that res judicata applies "will not be defeated by minor differences in form, party or allegations where the controlling issues have been resolved in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." Jet v. Beech Interplex, Inc., 2004 W.L. 1588230 (E.D.Pa. 2004) (at *2), citing, Helmig v. Rockwell Manufacturing Company, 389 Pa. 21, 131 A.2d 622, 627 (1957). As demonstrated below, an analysis of these four elements for res judicata requires that summary judgment be entered in favor of Wells Fargo.

### 1. Identity of Issues:

The first factor, i.e., the identity of issues, requires that the "same occurrence underlies both suits." Gregory v. Chehi, 843 F.2d 111, 116 (3rd Cir. 1988); Duquesne Slag Products Company v. Lench, 490 Pa. 102, 415 A.2d 53, 54 (1980). Here, Oppong is attempting to attack the judgment in foreclosure obtained in state court by searching for a technical misstep of the mortgagee and labeling that conduct a violation of the FDCPA. As noted above, Judge Cohen of the Court of Common Pleas of Philadelphia County specifically stated in his memorandum opinion denying Oppong's motion for post-trial relief that the FDCPA issue, have been ruled on against the defendant . . ." See Exhibit "L" hereto.[4] Indeed, Oppong also filed a motion to dismiss the foreclosure complaint in which he alleged that "Wells Fargo Home Mortgage, Inc. has failed to give defendant notice required by the Fair Debt Collection Practice Act. This Act requires Wells Fargo to confirm with defendant

---
4

Thus, of course, is after Oppong pleaded in that case that he waived all claims under the FDCPA. See, Exhibit "F" to Exhibit "B" hereto.

-11-

the existence and amount of the mortgage loan debt.  The Act requires Wells Fargo to notify defendant of its attempt to collect a debt and gives defendant about 60 days to resolve any misunderstanding regarding the alleged debt before it can consider the debt in default." Oppong's motion to dismiss at ¶6 (Exhibit "J" to prior summary judgment motion) (Exhibit "B" hereto.)

Thus, the crucial issue of whether Oppong raised his FDCPA defenses in the state court is clear.  Those defenses were raised and fully litigated in the state court action.  There is a complete identity of issues.

### 2.    Identity of Causes of Action:

This element does not require the claims to be identical but rather, "identity of causes of action exist where, in both the prior and subsequent proceedings the subject matter and ultimate issues are the same . . ." Jett v. Beech Interplex, Inc., supra at *2.  Here, the theory of the defense in the foreclosure claim is identical to the cause of action in this case. See, Exhibit "K" to original summary judgment motion (Exhibit "B" hereto).  It is thus clear there is an identity of the causes of action in this suit and the issues raised and litigated in the state court action.

### 3.    Identity of the Parties:

There can be no dispute that the parties in the underlying foreclosure action are identical, i.e., Wells Fargo and Oppong. [5]Thus this factor also is satisfied.

### 4.    Identity of Capacity of the Parties:

The final factor is whether the parties in the two actions are suing or being sued in the same capacity.  Although Oppong was the defendant in the underlying action, he was sued in his

---

[5]

In addition, this issue was addressed in bankruptcy court as well. See, Exhibit "E" hereto.

individual capacity and raised the defense of the FDCPA in his individual capacity against Wells Fargo as mortgagee.  The capacity of the parties is therefore identical in the two actions.

Because Oppong had a full and complete opportunity to litigate, and **actually did litigate** the issue of alleged FDCPA violation in the mortgage foreclosure action, an action he lost, he cannot relitigate the same issues among the same parties in this litigation.  This conclusion has previously been reached by Judge Cohen and Judge Fox.  There is an absolute claim preclusion as a result of the mortgage foreclosure action and summary judgment must be granted in favor of Wells Fargo on the grounds of res judicata.

### B.  Collateral Estoppel

Under Pennsylvania law, collateral estoppel, also known as issue preclusion, is a doctrine whereby a party is barred from reasserting theories of relief or defense where (1) there is an identity of issues between the present and former action, (2) there was a final judgment on the merits, (3) the party against whom the doctrine is asserted must have been a party or in privity with a party to the prior action, and (4) the party against whom the doctrine is asserted must have been afforded a full and fair opportunity to litigate the issue in question.  Menna v. St. Agnes Medical Center, 456 Pa. Super 301, 307, 690 A.2d 299, 302 (1997).  The distinction between collateral estoppel and res judicata (or claim preclusion) is that collateral estoppel does not require the identity of causes of action or parties.  However, while res judicata will bar subsequent claims that could have been litigated in the prior action, but which actually were not, collateral estoppel will bar only those issues that actually were litigated in the prior proceeding.  Chada v. Chada, 756 A.2d 39, 42 (Pa. Super. 2000).

-13-

As with the <u>res judicata</u> analysis, an analysis under collateral estoppel-issue preclusion concepts requires the same ultimate conclusion. First, the issue decided in the state court action, <u>i.e.</u>, whether Wells Fargo violated the FDCPA such that it cannot be permitted to foreclose is identical to the one presented in this case. There can be no dispute that there was a final judgment on the merits and that the party against whom the plea is asserted was a party in the prior case. Fourth, as Judge Cohen noted, Oppong had more than a full and fair opportunity to litigate the issue in the prior proceeding - - indeed, he has litigated the matter through motions to dismiss, summary judgment motions, actual trial, motions for post-trial relief and appeals, not to mention collateral attacks in bankruptcy and district court. Finally, the termination in the prior proceeding was essential to the judgment because absent a finding in favor of Wells Fargo, it would have been a defense to foreclosure and Wells Fargo would not have prevailed in the litigation.

Accordingly, under collateral estoppel/issue preclusion theory, it is clear that Oppong is barred from reasserting his FDCPA claims here.

## C.    ROOKER-FELDMAN DOCTRINE

In the last month, Judge Pratter of this Court set forth a full and complete analysis of the <u>Rooker-Feldman</u> doctrine, which also serves to bar the claims of Oppong in this suit. <u>See</u>, <u>Smith v. Litton Loan Servicing</u>, LLP., 2005 W.L. 289927 (E.D.Pa. 2005). Indeed, Judge Pratter in Smith was faced with similar circumstances (although not as strong) as are currently before the Court. In <u>Smith</u>, a default judgment had been entered in foreclosure in the state court. Subsequent to the entry of judgment in foreclosure, the pro se plaintiff brought a federal Truth-in-Lending act claim against the lender in federal court. Since the TILA claims would have constituted defenses in the foreclosure action, the failure to raise those claims in the state court action (or seek to open the judgment)

constituted a claim preclusion (res judicata) against the plaintiff because those claims could have been brought in the state court.

Judge Pratter also addressed the existence and merits of the Rooker-Feldman doctrine and their application to this kind of lawsuit. As noted by Judge Pratter, the Rooker-Feldman doctrine arose from two cases in which the Supreme Court concluded that the federal courts do not have jurisdiction to review the judgments and decisions of state courts. Id. at *6. Under the Rooker-Feldman doctrine, a federal court does not have the authority to review final adjudications of state courts. FOCUS v. Allegheny County Court of Common Pleas, 756 F.3d 834, 840 (3rd Cir. 1996). Also see, Smith at *7, fn13. The entry of a final judgment in foreclosure which is no longer subject to appeal is a final determination by a state court and therefore, a federal court cannot and will not sit in judgment of such a final determination. Smith at *8 (and cases cited therein). As noted by Judge Surrick of this district, a district court lacks jurisdiction over federal claims if the claims either were "inextricably intertwined" with the prior state court action or if they were "actually litigated," in that action. Michaels v. Pimlico Realty Company, 2004 W.L. 2457735 (E.D.Pa. 2004) (at *5).[6] The claims asserted by the plaintiff in Michaels were inextricably intertwined, as are the claims in this case. Indeed, what Oppong really wants this court to do is serve as a supplemental court of appeals and do what he could not do in the state superior court on that appeal. The Rooker-Feldman doctrine conclusively bars the assertion of these claims - - indeed, this court lacks subjects matter jurisdiction even to consider them.

---

[6]

Michaels also involves a pro se litigant seeking to collaterally attack a state court judgment; in that case a judgment in ejection.

Accordingly, whether this case is analyzed under the doctrine of res judicata/claim preclusion; collateral estoppel/issue preclusion or the <u>Rooker-Feldman</u> doctrine, it is plain that Oppong may not proceed against Wells Fargo as to FDCPA claims were fully litigated and resolved against him in the state court action. It is time for this litigation to end - - these claims must be dismissed.

## IV.   ALTERNATIVELY, SUMMARY JUDGMENT SHOULD BE AWARDED TO WELLS FARGO ON THE MERITS

While in reality, the court should not even reach this issue because it lacks subject matter jurisdiction under the Rooker-Feldman doctrine and because these issues have previously been litigated and resolved against Oppong in the state court, it is clear that Oppong cannot satisfy the standard required of him to show that Wells Fargo is a "debt collector" under the FDCPA. There are two prongs in the statutory of defamation of which is a "debt collector". Pursuant to 15 U.S.C. §1692(a)(6), a debt collector is defined as one whose "principal purpose" is the collection of debts or that they "regularly" collect or attempt to collect debts for others. The first prong is easily rebutted by the record. As noted in Wells Fargo's interrogatory answers (Exhibit "H" hereto), Wells Fargo has originated over $1 trillion dollars in mortgages, more than $750 million of which are held by Wells Fargo. Indeed, Wells Fargo is the nation's leading originator of mortgage. Clearly, its "principal purpose" is not to collect the debts of others. The second prong, <u>i.e.</u>, whether Wells Fargo "regularly" collects debts for others also cannot be established by Oppong. First of all, his own oppressive burdensome and irrelevant interrogatory show that his analysis of what constitutes "debt collection activities" is completely incorrect. He suggests that the bringing of mortgage foreclosure actions constitute such debt collection activity. That is wrong. Nearly every court that has addressed

-16-

the question has held that foreclosing on a mortgage is **not** debt collection activities for the purposes of the FDCPA. "Security enforcement activities fall outside the scope of the FDCPA because they aren't debt collection practices." Rosado v. Taylor, 324 F.Supp.2d 917, 924 (N.D.Ind. 2004). Accord., Beadle v. Haughey, 2005 W.L. 300060 (D.N.H. 2005) (at *2). As the district court analyzed in Rosado:

> The most frequently cited case attributes the different treatment of security interest and debts to the targets ability to comply with the request made of her. Jorgan v. Kent Recovery Services. Inc., 731 F.Supp. 652, 656 (D. Del. 1990). One receiving debt collection letters may agonize that she [or he] cannot comply with them, hence she [or he] needs the Act's protection. One asked to comply with a security interest enforcement request, on the other hand, has the security that she [or he] can return (unless she [or he] has been a malefactor). Id. This distinction may wane in the context of real property, since turning over one's house is unlikely to ever be easy. Regardless, the law is rather clear that enforcing a security interest is not debt collection. Rosado, supra, 324 F.Supp.2d at 924-25.

Here, what the record shows is that Wells Fargo is the nation's leading originator of mortgages. It also purchases portfolios of mortgages and services mortgages and this institutes mortgage foreclosure actions. However, all that is alleged in this complaint is that Wells Fargo foreclosed on the mortgage - - there are no allegations of "debt collecting activity" outside of the foreclosure action. While all matter concerning the collection of this debt already have been resolved in state court, the fact is that whether or not Wells Fargo forecloses on a significant number of mortgages over a given time period (Oppong's current theory of the case), the institution of foreclosure actions simply does not qualify as "debt collection activity," thus Oppong's entire theory of the case fails to state a claim for relief. Oppong cannot show that Wells Fargo's principal purpose is the collection of debts for others or that it regularly does so outside of the servicing/foreclosure

context. Accordingly, even if this court were to delve into the merits of the case, which it clearly should not, summary judgment should be awarded to Wells Fargo on the merits.

## V.    CONCLUSION

For all the reasons set forth herein, it is respectfully submitted that Wells Fargo's motion for summary judgment should be granted in all respects and the complaint dismissed with prejudice.

Respectfully submitted,

SILVERMAN BERNHEIM & VOGEL

BY:_____

DANIEL S. BERNHEIM, 3d, ESQUIRE
JONATHAN J. BART, ESQUIRE
Attorneys for Wells Fargo Home Mortgage, Inc.

Two Penn Center, Suite 910
Philadelphia, PA 19102
215-569-0000

-18-

## CERTIFICATE OF SERVICE

I, JONATHAN J. BART, ESQUIRE, certify that on March 14, 2005, I caused a true and correct copy of the foregoing Renewed Motion for Summary Judgment with accompanying Memorandum of Law to be served by first-class mail, postage prepaid upon the following:

Atuahene Oppong
7200 Sprague Street
Philadelphia, PA 19119

Steven J. Adams, Esquire
Stevens & Lee
111 North 6th Street
P.O. Box 679
Reading, PA 19603

SILVERMAN BERNHEIM & VOGEL

By: _____
JONATHAN J. BART, ESQUIRE