## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISRICT OF PENNSYLVANIA

ATUAHENE OPPONG
      Plaintiff,                      :

      v.                     :  No. 02 –CV - 2149

FIRST UNION MORTGAGE CORPORATION,  :
WELLS FARGO HOME  MORTGAGE, INC,
FRANCIS S. HALLINAN            :
      Defendants.           JUDGE EDUARDO C. ROBRENO

## <u>ORDER</u>

      AND NOW, this       day of                    , upon consideration

of the Plaintiff's Motion for Summary Judgment and any response

thereto, it is ORDERED that Plaintiff's Motion for Summary Judgment is granted.

      A hearing on damages is scheduled _____.

_____.

                        BY THE COURT:

                        _____.
                        Honorable Eduardo C. Robreno     J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISRICT OF PENNSYLVANIA

ATUAHENE OPPONG
          Plaintiff,

   v.

FIRST UNION MORTGAGE CORPORATION,
WELLS FARGO HOME  MORTGAGE, INC,
FRANCIS S. HALLINAN

        Defendants.

:

:  No. 02 –CV - 2149

:

:

:

# FILED

AUG 1 6 2007

**MICHAEL E. KUNZ, Clerk**
**By_____Dep. Clerk**

JUDGE EDUARDO C. ROBRENO

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

    Plaintiff Atuahene Oppong ("Oppong") moves for summary judgment pursuant to

Fed. R.Civ.P. 56 and in support thereof, avers as follows:

1.    Oppong commenced this case on April 16, 2002 by filing a three count complaint

(the "Complaint") against First Union Mortgage Corporation ("First Union") and Wells

Fargo Home Mortgage, Inc. ("Wells Fargo"), and Francis Hallinan ("Mr. Hallinan").

2.    In the Complaint, Oppong, a debtor, asserts that defendants are liable to him

      (i) under the Fair Debt Collection Practices Act for violations thereof,

      (ii) for physical and verbal assaults committed by Mr. Hallinan on August 21, 2001

      and

      (iii) for the intentional inflection of emotional distress based on the conduct  in the

        Complaint.

3.    All defendants filed motions for Summary Judgment on May 6, 2003.

4.    On December 30, 2003, this Court granted Summary Judgment in favor of

defendants. Judgment was entered in favor of defendants and against Oppong as to count

I of Oppong's complaint; Oppong's state law claims, counts II and III of the complaint

were ordered dismissed without prejudice by this court. The Order was entered on January 31, 2003.

5.     On January 29, 2004, Oppong appealed to the 3rd Circuit Court of the United States Court of Appeals this court's order granting Summary Judgment in favor of defendants and also entering Judgment in favor of defendants and against Oppong as to count I of plaintiff's complaint; and also dismissing without prejudice Oppong's state law claims, counts II and III of the complaint.

6.     On July 22, 2004, the 3rd Circuit Court of the United States Court of Appeals ordered and adjudged that the judgment of the District Court entered December 30, 2003 be and the same is hereby affirmed in part and vacated in part, and remanded for further proceedings in accordance with its opinion.

7.     The 3rd Circuit Court of the United States Court of Appeals affirmed the judgment of the District Court entered December 30, 2003 in favor of defendants First Union and Mr. Hallinan.

8.     The 3rd Circuit Court of the United States Court of Appeals vacated the judgment of the District Court entered December 30, 2003 in favor of defendant Wells Fargo and remanded for further proceedings in accordance with its opinion.

9.     On remand, Wells Fargo renewed its motion for summary judgment, arguing that it was not a debt collector and that Oppong's claims were barred by res judicata. The Court found that Wells Fargo was a "debt collector," but granted the Wells Fargo's motion for summary judgment, holding that Oppong's FDCPA claims were precluded by res judicata.

2

10.     Oppong appealed to the 3rd Circuit Court of the United States Court of Appeals this Court's order granting Wells Fargo's motion for summary judgment, holding that Oppong's FDCPA claims were precluded by res judicata.

11.     The 3rd Circuit Court affirmed this Court ruling that Wells Fargo was a "debt collector but vacated the summary judgment against Oppong, holding that Oppong's FDCPA claims were not precluded by res judicata.

12.     Oppong now moves for Summary Judgment as to Count I of the complaint, Oppong's claim under the fair debt collection practices act, asserted against Wells Fargo pursuant to Fed.R.Civ.P. 56.

13.     In support of this Motion for Summary Judgment, Oppong is filing concurrent herewith a separate Appendix of Exhibits ("Plaintiff's Appendix of Exhibits").

14.     The pleadings and the discovery responses demonstrates the existence of the following facts that are not subject to genuine dispute:

(a)    On March 6, 1995, Corestates Mortgage Corporation ("Corestates") loaned to Oppong the sum of $75,000, repayment of which was secured by a mortgage against Oppong's residence located at 7200 Sprague Street in Philadelphia, Pennsylvania. Shortly after closing, Corestates sold the loan to Federal Home Loan Mortgage Corporation ("FHLMC"), but Corestates retained the right to service the loan and mortgage for FHLMC. On or about May 1, 1998, Corestates was merged into First Union and First Union thereafter became the servicer of Oppong's loan and mortgage by operation of law. After its merger with Corestates, First Union continued to service Oppong's loan and mortgage for FHLMC through March 15,

3

2001.

(b)   On March 16, 2001, the servicing rights of First Union of Oppong's loan and mortgage were transferred to Wells Fargo.

(c)   Prior to the transfer of Oppong's loan and mortgage to Wells Fargo, in December 1997, Corestates initiated a foreclosure action against Oppong in the Court of Common Pleas of Philadelphia County. This action was voluntarily withdrawn by First Union and in January 2000, a second foreclosure action was initiated by First Union against Oppong's residence. Thus, Oppong's loan and mortgage were in default prior to First Union's assignment of the loan and mortgage to Wells Fargo.

(d)   First Union retained Federman & Phelan, a law firm, to prosecute the foreclosure action commenced in January 2000 against Oppong.

(e)   On July 24, 2001, Wells Fargo filed a praecipe to substitute itself as party plaintiff in the state court to prosecute the foreclosure action commenced in January 2000 by First Union against Oppong.

(f)   Wells Fargo failed to provide Oppong notice of validation of his debt, in violation of 15 U.S.C. §1692g, before and after substituting itself as party plaintiff in the state court to prosecute the foreclosure action commenced in January 2000 by First Union against Oppong.

(g)   On January 25, 2002, a few minutes before the commencement of the trial of the foreclosure action in the state court, Wells Fargo's attorney, Ms. Sheetal R. Shah-Jani handed to Oppong in the presence of Ms. Michelle

4

Jeffries, employee of Wells Fargo, a statement of the loan payoff amount. [Plaintiff's Exhibit C]. The statement indicated among other things the following; "As of the date of this communication, you owe the amount specified". Hidden on the back of the statement in very small letters was the following, "If this is the first notice that you have received from this office, be advised that: You may dispute the validity of the debt or any portion thereof. If you do so in writing within thirty(30) days of receipt of this letter, this firm will obtain and provide you written verification thereof: otherwise, the debt will be assumed to be valid. Likewise, you may request the name and address of the original creditor if different from above". [Plaintiff's Exhibit C].

(h)   Wells Fargo did not request a stay of the trial of the foreclosure action to allow Oppong the thirty(30) to dispute the validity of the debt or any portion thereof. Wells Fargo failed to provide Oppong with notice of validation of the debt as required by the 15 U.S.C. § 1692 g and it furnished Oppong with deceptive and misleading forms, in violation of 15 U.S.C. § 1692j. [See Plaintiff's Exhibit C, Pages 1,2&3 and Plaintiff's Exhibit D, Pages 1& 2].

(i)   Oppong's debt was a consumer debt.

(j)   The court has ruled that Wells Fargo was a debt collector as it relates to its attempt to collect Oppong's debt.

15.    Oppong has suffered actual damages from the sheriff's sale of Oppong's residential property by Wells Fargo.

*5*

16.     Oppong has suffered actual damages from mental anguish inflicted upon him by Wells Fargo.

17.     Oppong has suffered actual damages from emotional distress inflicted upon him by Wells Fargo.

18.     Oppong is entitled to actual damages against Wells Fargo.

19.     Oppong is entitled to statutory damages against Wells Fargo.

20.     Oppong is entitled to the cost of the suit against Wells Fargo.

21.     In further support of his Motion, Oppong relies on his memorandum of law being filed concurrent herewith, which incorporates herein by reference.


        WHEREFORE, Oppong requests that the Court grant Summary Judgment in favor of Oppong and against Wells Fargo and award statutory and actual damages and cost of suit in favor of Oppong and against Wells Fargo.

                                        Respectfully submitted


Date:  8/16/07

                                        Atuahene Oppong, Pro Se, Plaintiff.

6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISRICT OF PENNSYLVANIA

ATUAHENE OPPONG
    Plaintiff,

      v.

FIRST UNION MORTGAGE CORPORATION,
WELLS FARGO HOME  MORTGAGE, INC,
FRANCIS S. HALLINAN
    Defendants

:

: No. 02 –CV - 2149

:

:

:

**FILED**

AUG 1 6 2007

**MICHAEL E. KUNZ**, Clerk
**By**_____Dep. Clerk

JUDGE EDUARDO C. ROBRENO

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**A.**     **The Standard for Summary Judgment.**

    A court may grant summary judgment only when "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" only if

its existence or non-existence would affect the outcome of the suit under governing law.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). An issue of fact is "genuine"

only when there is sufficient evidence from which a reasonable jury could find in favor of

the non-moving party regarding the existence of that fact. Id. In determining whether

there exist genuine issue of material fact, all inferences must be drawn, and all doubts

must be resolved, in favor of the non-moving party. Coregis Ins. Co v. Baratta & Fenerty,

Ltd., 264 F.3d 302, 305-06 (3d Cir. 2001) (citing Anderson, 477 U.S. at 248). The mere

existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no

1

genuine issue of material fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48

(1986).  While the court must view the inferences to be drawn from the facts in the light

most favorable to the party opposing the motion, <u>Matsushita Elec. Indus. Co v. Zenith</u>

<u>Radio Corp.</u>, 475 U.S. 574, 587 (1986) a party may not "rely on mere speculation or

conjecture as to the true nature of the facts to overcome a motion for summary

judgment."  <u>Knight v. U.S. Fire Ins. Co.</u>, 804 F.2d 9, 12 (2d Cir. 1986). The non-moving

party may defeat the summary judgment motion by producing sufficient specific facts to

establish that there is a genuine issue of material fact for trial. <u>Celotex Corp. v. Catrett</u>

477 U.S. 317, 322 (1986). "Mere conclusory allegation or denials" in legal memoranda

or oral argument are not evidence and cannot by themselves create a genuine issue of

material fact where none would otherwise exist. <u>Quinn v. Syracuse Model Neigborhood</u>

<u>Corp.</u> 613 F.2d 438, 445 (2d Cir. 1980).

**B.**    **Wells Fargo, a "debt collector", violated the Fair Debt Collection Practices
Act in its attempt to collect Oppong's debt by failing to give Oppong Notice
of Validation of debt as required by 15 U.S.C. § 1692g.**

Under 15 U.S.C. §1692g:

(a)  Within five days after the initial communication with a consumer in

connection with the collection of any debt, a debt collector shall, unless the following

information is contained in the initial communication or the consumer has paid the debt,

send the consumer a written notice containing --

(1)    the amount of the debt;

(2)    the name of the creditor to whom the debt is owed;

(3)    a statement that unless the consumer, within thirty days after receipt

2

of notice, disputes the validity of the debt, or any portion thereof, the

debt will be assumed to be valid by the collector,

(4)     a statement that if the consumer notifies the debt collector in writing

within the thirty-day period that the debt, or any portion thereof, is

disputed, the debt collector will obtain verification of the debt or a

copy of a judgment against the consumer and a copy of such

verification or judgment will be mailed to the consumer by the debt

collector, and

(5)     a statement that, upon the consumer's written request within the

thirty-day period, the debt collector will provide the consumer with

the name and address of the original creditor, if different from the

current creditor.


15 U.S.C. §1692g(a). These warnings are commonly referred to as the

"validation notice." The debt collector's failure to provide the validation notice violates

the FDCPA. Edwards v. McCormick, 136 F. Supp.2d 795 (S.D. Ohio 2001).

Section 1692g(b) provides that if the consumer disputes the debt, the

collector must cease further collection efforts until the validation procedure is completed.

Where the debt collector proceeded to obtain default judgment against the consumer

although it had received a written request for validation, 15 U.S.C. §1692g(b) was

violated because the debt collector had not provided verification of the debt to the

consumer. Spears v. Brennan, 745 N.E.2d 862 (Ind. App. 2d Dist. 2001).

In <u>Jang v. A.M.Miller and Associates</u>, 122 F.3d 480, the Seven Circuit of the United States Courts of Appeal opined, "Section 1692g(a) requires that within five days of communicating with a consumer in relation to debt collection, the debt collector must provide certain information and notices to the consumer.   In addition to providing the amount of the debt and the name of the creditor to whom the debt is owed, the debt collector must provide: a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;  and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a)(3)-(5) (internal numbering omitted). If the consumer disputes the debt in writing, then "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, ... and a copy of such verification or judgment ... is mailed to the consumer by the debt collector." 15 U.S.C. §1692g(b). Section 1692g(b) thus gives debt collectors two options when they receive requests for validation. They may provide the requested validations and continue their debt collecting activities, or they may cease all collection activities. *See* <u>Smith v. Transworld Systems, Inc.</u>, 953 F.2d 1025, 1031 (6th Cir.1992) (debt collector does not violate the FDCPA when it ceases collection activity after receiving

4

request for validation;  debt collector need not first send validation before ceasing collection activity).    The statute wisely anticipates that not all debts can or will be verified.    After all, in the real world, creditors and debt collectors make mistakes, and sometimes initiate collection activities against persons who do not owe a debt.    When a collection agency cannot verify a debt, the statute allows the debt collector to cease all collection activities at that point without incurring any liability for the mistake. Jang and Gammon admitted at oral argument that the Agencies complied with all of the requirements of section 1692g, conceding that the Agencies provided the required notice, and then ceased collection activities after receiving requests for validation".

In the case *sub judice,* Wells Fargo failed to give Oppong the Validation Notice within five days after the initial communication with Oppong in its attempt to collect the debt and also failed to cease collection activity after receiving request for validation of the debt from Oppong and was also informed that Oppong was disputing the debt. Oppong wrote a letter dated February 24, 2002 to Wells Fargo's Attorney, Ms. Sheetal R. Shah-Jani requesting the validation of the debt. (See Plaintiff's Exhibit F). Wells Fargo's Attorney, Ms. Sheetal R. Shah-Jani replied Oppong's request for validation of the debt with a letter dated March 12, 2002. (See Plaintiff Exhibit G). Wells Fargo's reply letter referred Oppong to an earlier letter dated February 26, 2001 (See Plaintiff's Exhibit A) from First Union and Wells Fargo as its validation notice. This February 26, 2001 letter from both First Union and Wells Fargo expressing their intent to transfer the servicing of Oppong's mortgage debt, did not state the amount of the debt and the creditor to whom the debt was owed. Wells Fargo's reply letter also expressed Wells Fargo's intent to continue to prosecute the mortgage foreclosure action despite the fact that Oppong had

5

informed Wells Fargo that he was disputing the debt. Wells Fargo's failure to cease further collection efforts until validation procedure was completed was a violation of 15 U.S.C.§1692g(b).

Wells Fargo continued to prosecute the mortgage foreclosure on January 25, 2002 in the Common Pleas Court of Philadelphia County without providing Oppong the Validation Notice in violation of 15 U.S.C. §1692g.

Summary judgment was granted for the consumer for violation of 15 U.S.C. §1692g(a)(2). Sparkman v. Zwicker & Associates, P.C., 374 F. Supp.2d 293 (E.D.N.Y. 2005).


**C.**      **Wells Fargo is liable for damages under 15 U.S.C. § 1692k.**

The 15 U.S.C. § 1692k establishes liability for "any debt collector who fails to comply with any provision of this subchapter. Wells Fargo is liable for statutory and actual damages and the cost of the suit. Fair Debt Collection Practices Act (FDCPA) is a strict liability statute, and consumer has to prove only one violation to trigger liability. Arkaiwadi v. Risk Management Alternatives, Inc, D.Md 2004, 336 F. Supp. 2d 492.

Although Oppong has alleged that the Wells Fargo has violated several provisions of the FDCPA, Oppong needs only show one violation in order to recover under the statute. See Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993); Rosa v. Gaynor, 784 F.Supp. 1, 3 (D.Conn. 1989).

6

**D.**   **CONCLUSION**

For all the reasons set forth herein, it is respectfully submitted that Oppong's

Motion for Summary Judgment be granted.

Respectfully submitted

Atuahene Oppong, Pro Se, Plaintiff.

Date: 8/16/07

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISRICT OF PENNSYLVANIA



**No. 02 –CV – 2149**

### CERTIFICATE OF SERVICE

I, Atuahene Oppong, Plaintiff, hereby certify that on this date, I served Plaintiff's

Motion for Summary Judgment upon the counsel of record in the manner and as

addressed as follows:


Personal Service.

Daniel S. Bernheim III, Esq.
Jonathan Bart, Esq.
Silverman, Bernheim & Vogel
Suite 910
Two Penn Center Plaza
Philadelphia, Pa 19102


Dated: 8/16/07

_____
Atuahene Oppong, Pro Se, Plaintiff.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISRICT OF PENNSYLVANIA

**FILED**

AUG 1 6 2007

MICHAEL E. KUNZ, Clerk
By_____Dep. Clk.

### No. 02 –CV – 2149

### <u>VERIFICATION</u>

I, Atuahene Oppong, Plaintiff, do hereby verify that the statements made in the
foregoing Plaintiff's Motion for Summary Judgment are true and correct to the best of my
knowledge, information and belief, and I understand that the statement in said Motion are
made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to
authorities.

Dated: 8/16/07

Atuahene Oppong, Pro Se, Plaintiff.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISRICT OF PENNSYLVANIA

ATUAHENE OPPONG
     Plaintiff,                   :

     v.                     :     No. 02 –CV - 2149

FIRST UNION MORTGAGE CORPORATION,  :
WELLS FARGO HOME  MORTGAGE, INC,
FRANCIS S. HALLINAN               :
     Defendants             JUDGE EDUARDO C. ROBRENO

**FILED**

AUG 1 6 2007

MICHAEL E. KUNZ, Clerk

By_____ Dep. Clerk

## PLAINTIFF'S APPENDIX OF EXHIBITS
## IN SUPPORT OF PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

Date: 8/16/07

Atuahene Oppong
Plaintiff, Pro Se.

12 West Willow Grove Avenue, PMB 136
Philadelphia Pa 19118
215-518-7058

**FIRST UNION**

P.O. Box 900001
Raleigh, NC  27675-9001

PLAINTIFFS
EXHIBIT
A
1 of 2 pages

WELLS FARGO HOME MORTGAGE

1 Home Campus
Des Moines, IA  50328

February 26, 2001

Aviso Importante Para Las Personas Que Hablan Espanol:
Esta notificacion es de suma importancia ya que afecta la sequridad de su cuenta de su casa. Si usted no entiende el contenido de esta carta obtenga una traduccion inmediatamente. Muchas gracias.
Servicio al Cliente 866-261-5643

Atuahene Oppong
7200 Sprague St.
Philadelphia PA  19119

000700/0●

Old Loan Number: 0009675884
New Loan Number: 4176380

Dear Customer:

On behalf of First Union Mortgage Corporation and Wells Fargo Home Mortgage, Inc., we are pleased to inform you that First Union Mortgage Corporation will be transferring the servicing of your mortgage loan to Wells Fargo Home Mortgage effective March 16, 2001. Wells Fargo Home Mortgage is a subsidiary of Wells Fargo & Company, a national, diversified financial services company with a proud history spanning nearly 150 years. Wells Fargo Home Mortgage is a leading home lender, dedicated to providing customers with superior customer service and solutions to your personalized home financing needs.

The transfer of mortgage servicing is a common practice in today's market and does not affect any terms or conditions of your mortgage, other than those provisions related to the servicing of your mortgage. Please refer to the Notice of Assignment printed on the reverse side of this letter for the Real Estate Settlement Procedures Act (RESPA) information. Wells Fargo Home Mortgage is committed to providing the quality service you are accustomed to receiving.

Wells Fargo Home Mortgage is required by the Fair Debt Collection Practice Act to inform you that if your loan is currently delinquent or in default, as your loan servicer, we are attempting to collect a debt, and any information obtained will be used for that purpose. However, if you have received a discharge, and the loan was not reaffirmed in the bankruptcy case, Wells Fargo Home Mortgage will only exercise its rights against the property and is not attempting any act to collect the discharged debt from you personally.

Beginning March 16, 2001, Wells Fargo Home Mortgage will be responsible for processing your loan payments and answering your questions. Payments will be applied to your loan by First Union Mortgage Corporation if received prior to March 16, 2001, or forwarded to Wells Fargo Home Mortgage for a period of sixty days, if received on or after that date. If your mortgage payments were automatically deducted from an account, your drafting will resume when your loan becomes current. Once Wells Fargo Home Mortgage receives a payment, you will receive a monthly statement at no charge, which reflects that payment application and provides you with a coupon for your next payment, therefore you should dispose of any remaining First Union Mortgage Corporation coupons. If you include additional funds, please explain how you wish to have the additional funds applied. Your check should be made payable and mailed to:

Wells Fargo Home Mortgage, Inc.
PO Box 30107
Tampa, FL  33630-3107

All correspondence regarding your loan should be addressed as indicated below:

Until 3/15/01:
First Union Mortgage Corporation
Attn: Customer Service Department
P.O. Box 900001
Raleigh, NC  27675-9001
Fax - (919) 852-6075

Beginning 3/16/01:
Wells Fargo Home Mortgage, Inc.
Correspondence Resolution X2501-01T
1 Home Campus
Des Moines, IA  50328-0001
Fax - (515) 237-7070

If you are currently enrolled in the Equity Accelerator program through First Union, your account will automatically transfer to the Wells Fargo Equity Enhancement program under the same parameters with which it is set-up today. If you have questions about this transfer please contact the Equity Enhancement Customer Service group at (800) 551-5717 after March 15, 2001. If you are currently paying your mortgage payment through a bill payment service, such as Douglas Michaels or Mortgage Management, you will need to make arrangements to have the payee changed to Wells Fargo Home Mortgage effective March 16, 2001. This transfer of servicing may have an effect on the payment method for your optional insurance products. If your insurance is affected, you will be sent separate instructions. Unless directed to do otherwise, you should continue to include your premium in your monthly mortgage payment. By January 31, 2002, Wells Fargo Home Mortgage will provide you with a statement reflecting the amount of mortgage interest and real estate taxes paid for the entire year of 2001.

Our goal is to continue to meet your expectations of service. If you have any questions regarding this transfer, please contact First Union Customer Service at (800) 654-9322  Monday through Friday, 7:15 AM to 7:00 PM Central Time. After March 15, 2001, your questions should be directed to Wells Fargo Home Mortgage Customer Service toll-free at (866) 261-5643, Monday through Friday, 7:00 AM to 7:00 P.M, or Saturday, 8:00 AM to 2:00 P.M, Central Time.

Sincerely,

Joanna Tillottson
Vice President
First Union Mortgage Corporation

Leesa Whitt-Potter
Assistant Vice President
Wells Fargo Home Mortgage, Inc.

## NOTICE OF ASSIGNMENT, SALE OR TRANSFER
## OF SERVICING RIGHTS

Except in limited circumstances, Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. Section 2605) requires that your present servicer send you notice of the assignment, sale, or transfer of the servicing rights to your mortgage loan (i.e., the right to collect payments from you) at least 15 days before the effective date of transfer or at closing. Your new servicer must also send you this notice no later than 15 days after the effective date or at closing.

You should also be aware of the following information, which is set out in more detail in Section 6 of RESPA.

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 20 business days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number and your reasons for the request.

Not later than 60 business days after receiving your request, your servicer must make any appropriate corrections to your account and must provide you with a written clarification regarding any dispute. During this 60 business day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A business day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals and classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

PLAINTIFF'S EXHIBIT B

PLAINTIFF'S EXHIBIT B

1 page

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

MAY 01, 2001

ATUAHENE OPPONG
7200 SPRAGUE STREET
PHILADELPHIA, PA 19119

*Arthur Novello*

FIRST UNION MORTGAGE CORP VS OPPONG
000102221

NOTICE OF SETTLEMENT CONFERENCE

This case is scheduled for a Settlement Conference on June 05, 2001 in the DISPUTE RESOLUTION CENTER, 691C City Hall, Philadelphia, PA 19107, begining at, 09:45 A.M.. This Conference will be conducted by a Special Judge Pro Tempore. Judge SANDRA MOSS will be available to participate in this conference, if necessary or useful. Counsel and any pro se litigant are required to bring a stamped, self-addressed envelope to facilitate service of the Pretrial Conference Order.

No later than ten (10) days prior to the date of the settlement conference, counsel are required to file a settlement memorandum in the Dispute Resolution Center, Room 691 City Hall, Philadelphia, Pa. 19107 which shall set forth, inter alia: the facts giving rise to the action; the theory of liability or defense and whether the injuries are connected to the occurence; all damages claimed including a specific itemization of all special damages; current demand; current offer; estimated trial time. Copies of all relevant medical reports, hospital discharge summaries, pictures and expert reports shall be attached to the memorandum.

Counsel is required to evaluate the case for settlement purposes, and obtain appropriate authority for settlement prior to the conference. Counsel must have the client or appropriate claims personnel available for telephone consultation at the time of this conference. Any filings, questions, or rescheduling requests must be directed to the appropriate program at 686-2606.

BY THE COURT:                    *7910*

SANDRA MOSS, J.

*Frank Chekene*

**Federman and Phelan, L.L.P.**
One Penn Center at Suburban Station
1617 John F. Kennedy Blvd.
Suite 1400
Philadelphia, PA 19103-1814
215-563-7000 ext. 1338
Fax 215-568-0719

Raymond J. Begley
Legal Assistant

Representing Lenders in
Pennsylvania & New Jersey

*PLAINTIFF'S EXHIBIT C 1 of 3 pages*

## PAYOFF FIGURE

| NAME | OPPONG, ATUAHENE | LOAN # | 4176380 |
|------|------------------|--------|---------|
| DATE | 1/22/02 | GOOD THRU | 1/25/02 |

Payoff Figures **MUST BE VERIFIED** AFTER DUE DATE **BEFORE** SUBMITTING PAYMENT!

| | |
|---|---|
| Principal Balance | $63,106.68 |
| Interest | $24,491.25 |
| Late Charges | $1,580.99 |
| Escrow Advance | $8,763.37 |
| Property Inspection/Maintenance | $250.00 |
| Recording/Release Fee | |
| Hazard Insurance | $0.00 |
| BPO/Appraisal | $200.00 |
| Suspense | $0.00 |
| NSF | $0.00 |
| Pro Rata MIP/Premium Mortgage Insurance | $0.00 |
| | |
| | |
| Attorney Costs | $3,774.58 |
| Attorney Fees | $13,764.50 |
| Sheriff's Commission (2%) | $0.00 |
| TOTAL | $115,931.37 |

ALL FUNDS MUST BE IN CERTIFIED FORM MADE PAYABLE TO YOUR MORTGAGE CO.

Please be advised that this firm is a debt collector attempting to collect a debt. Any information received will be used for that purpose. If you have received a discharge in bankruptcy, and this debt was not reaffirmed, this correspondence is not and should not be construed to be an attempt to collect a debt, but only enforcement of a lien against property.

As of the date of this communication, you owe the amount specified. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call (215) 563-7000 and ask for the Reinstatement

thirty(30) days of receipt of this letter, this firm will obtain and provide you written verification thereof; otherwise, the debt will be assumed to be valid. Likewise, you request the name and address of the original creditor if different from above.

Case 2:02-cv-02149-ER   Document 78   Filed 08/16/07   Page 22 of 35

PLAINTIFF'S
EXHIBIT
C
2 of 3 pages

# Federman and Phelan, L.L.P.
## One Penn Center at Suburban Station
## 1617 John F. Kennedy Blvd.
## Suite 1400
## Philadelphia, PA 19103-1814
## 215-563-7000 ext. 1338
## Fax 215-568-0719

*PLAINTIFFS EXHIBIT C 3 of 3 pages*

Raymond J. Begley
Legal Assistant

Representing Lenders in
Pennsylvania & New Jersey

## REINSTATEMENT FIGURE

| NAME: | OPPONG, ATUAHENE | LOAN # | 4176380 |
|-------|------------------|--------|---------|
| DATE: | 1/22/02 | GOOD THRU | 1/25/02 |

| | |
|---|---|
| Total Payment Amount (54 Payments) | $60,183.62 |
| Late Charges | $1,580.99 |
| Escrow Shortage | $1,943.71 |
| Property Inspections | $250.00 |
| NSF | $0.00 |
| BPO/Appraisals | $200.00 |
| Suspense | $0.00 |
| | |
| | |
| Attorney Costs | $3,774.58 |
| Attorney Fees | $13,764.50 |
| Sheriff's Commission (2%) | $0.00 |
| | |
| TOTAL | $81,697.40 |

## ALL FUNDS MUST BE IN CERTIFIED FORM MADE PAYABLE TO YOUR MORTGAGE CO.

Please be advised that this firm is a debt collector attempting to collect a debt. Any information received will be used for that purpose. If you have received a discharge in bankruptcy, and this debt was not reaffirmed, this correspondence is not and should not be construed to be an attempt to collect a debt, but only enforcement of a lien against property.

As of the date of this communication, you owe the amount specified. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call (215) 563-7000 and ask for the Reinstatement Department.

If this is the first notice that you have received from this office, be advised that: You may dispute the validity of the debt or any portion thereof. If you do so in writing within thirty(30) days of receipt of this letter, this firm will obtain and provide you written verification thereof, otherwise, the debt will be assumed to be valid. Likewise, you may request the name and address of the original creditor if different from above.

PLAINTIFF
EXHIBIT
D
2 pages

PLAINTIF
EXHIB
D
1 of 2 pages

# Federman and Phelan, LLP
## One Penn Center at Suburban Station
### 1617 John F. Kennedy Boulevard
### Suite 1400
### Philadelphia, PA 19103
### 215-563-7000
### Fax 215-568-0719
Email: courtney.bambrick@fedphe.com

# PAYOFF FIGURE

| NAME: | OPPONG, ATUAHENE | ACCT #: | 4176380 |
|---|---|---|---|
| | DATE 05-24-01 | | ONLY Good Through 06/05/01 |

Payoff Figures **MUST BE VERIFIED** AFTER DUE DATE **BEFORE** SUBMITTING PAYMENT!

| | | |
|---|---|---|
| Principal Balance | | ALL FUNDS MUST |
| Late Charge | $63,106.68 | IN FULL AND IN |
| Interest | $1,580.99 | CERTIFIED FORM |
| Escrow | $21,068.25 | FORWARDED TO OU |
| Property Insp./Maint. | $8,253.37 | FIRM |
| Pro Rata MIP/PIM | $205.00 | |
| Release/Recording Fees | | |
| NSF Fee | $43.50 | |
| BPO/Appraisal | | |
| Suspense | $285.00 | |
| | | |
| Attorney Costs | | |
| Attorney Fees | $8,110.75 | |
| Sheriff's 2% | $4,205.00 | |
| | | |
| **TOTAL** | **$106,858.54** | |

**Please be advised that this firm is a debt collector attempting to collect a debt. Any information received will be used for that purpose. If you have received a discharge in bankruptcy, and this debt was not reaffirmed, this correspondence is not and should not be construed to be an attempt to collect a debt, but only enforcement of a lien against property.**

PLAIN TIFF
EXHIBIT
D:
2 pages

PLAIN TIFF
EXHIBIT
D
2 of 2 pag

**Federman and Phelan, LLP**
One Penn Center at Suburban Station
1617 John F. Kennedy Boulevard
Suite 1400
Philadelphia, PA 19103
215-563-7000
Fax 215-568-0719
Email: courtney.bambrick@fedphe.com

Courtney Bambrick
Legal Assistant Ext. 1507

Representing Lenders in
Pennsylvania & New Jersey

## REINSTATEMENT FIGURE

| NAME: | OPPONG, ATUAHENE | ACCT. | 4176380 |
|---|---|---|---|
| DATE: | 05/24/01 | | Good Through 06/05/01 |

| | |
|---|---|
| Payments Due (47) | $52,381.91 |
| Escrow | $472.28 |
| Late Charges | $1,627.49 |
| Property Insp./Maint. | $205.00 |
| BPO/Appraisals | $285.00 |
| NSF Fee | |
| Suspense | |
| Corp. Adv. | |
| | |
| Attorney Costs | $8,110.75 |
| Attorney Fees | $4,205.00 |
| Sheriff's 2% | |
| | |
| **TOTAL** | **$67,287.43** |

ALL FUNDS MUST BE IN FULL IN CERTIFIED FORM AND FORWARDED TO OUR FIRM

REINSTATEMENT FIGURES <u>MUST BE VERIFIED</u> PRIOR TO SUBMITTAL!

**Please be advised that this firm is a debt collector attempting to collect a debt. Any information received will be used for that purpose. If you have received a discharge in bankruptcy, and this debt was not reaffirmed, this correspondence is not and should not be construed to be an attempt to collect a debt, but only enforcement of a lien against property.**

*PLAINTIFF'S*
*EXHIBIT*
*F*
*One Page*

**ATUAHENE OPPONG**
**7200 SPRAGUE STREET**
**PHILADELPHIA PA 19119**
**215-518-7058**

Febuary 24, 2002.

Ms. Sheetal R Shah-Jani, Esquire
c/o Federman and Phelan
1617 JFK Blvd, Suite 1400
Philadelphia Pa 19103. By Certified Mail
and
Ms. Michelle Jeffries
Wells Fargo Home Mortgage
5024 Parkway Plaza Blvd
Charlotte NC 28217. By Certified Mail.

Dear Ms Shah-Jani and Ms Jeffries:

## RE: Mortgage Acct. No. 4176380

I am responding to a statement that was handed to me on January 25, 2002 by Ms Shah-Jani in the presence of Ms. Michelle Jeffries in which Wells Fargo Home Mortgage is attempting to collect a mortgage loan debt as referenced above.

I have not received any statement or letter from Wells Fargo Home Mortgage prior to this statement. Although the statement, a copy attached, do not identify Wells Fargo Home Mortgage as the party attempting to collect the mortgage loan debt, a Pennsylvania Court has alerted me that Wells Fargo Home Mortgage is the party.

I do hereby inform Wells Fargo Home Mortgage that I am excising my rights under the Fair Debt Collection Practice Act. 15 U.S.C A. §1692.

I am disputing that the Principal Balance is not $63,106.68 but $50,000.00 and I do not owe any interest, any late charges, any escrow advance, any property inspection/maintenance cost , any BPO/Appraisal cost, any attorney cost and any attorney fee.

I am requesting the name and address of the original mortgage lender. I am requesting an inspection of the original copy of the document that supports the statement.

Thank you.

Sincerely

Atuahene Oppong.

PLAINTIFF'
EXHIBI
G
2 pages

### FEDERMAN AND PHELAN, L.L.P.
**One Penn Center at Suburban Station**
**1617 J.F.K. Blvd., Suite 1400**
**Philadelphia, PA 19103-1814**
**P: 215-563-7000**
**F: 215-563-4491**
**Email: sheetal.shahjani@fedphe.com**

Sheetal R. Shah-Jani, Esquire                    Representing Lenders in
Litigation Department                            Pennsylvania and New Jersey*

March 12, 2002

Atuahene Oppong, Pro Se
7200 Sprague Street
Philadelphia, PA 19119

Re:   First Union Mortgage Corp. v. Oppong
      CCP, Philadelphia, January 2000 Term, No. 002221
      Mortgage Loan #4176380

Dear Mr. Oppong:

As you are aware, the Court has already granted a verdict against the Defendant and in favor of the Plaintiff in the amount of $117,549.22. Although you do not have right under Fair Debt Collection Practice Act (FDCPA) for verification of debt at such a late date, this letter is in response to your request for verification of the validity of the mortgage debt in the above-referenced mortgage foreclosure action.

Please be advised that Wells Fargo Home Mortgage, Inc. (hereinafter "Wells Fargo") did in fact sent to you a letter dated February 26, 2001 advising you of Wells Fargo's interest in the mortgage loan and specifically stated in its letter of February 26, 2001 that it was attempting to collect a debt under the Fair Debt Collection Practice Act. Under FDCPA, you had thirty days from February 26, 2001 to request verification of debt from Wells Fargo. You failed to do so.

Nevertheless, as to your statement that you dispute the principal balance, interest, late charges, escrow advances, property inspections/maintenance cost, BPO/appraisal cost and attorney costs and attorney fees, please be advised that at the Trial on January 28, 2002, a copy of Plaintiff's loan history was given to you and introduced into evidence. Furthermore, the Court has already ruled that Plaintiff is entitled to the above-mentioned due to default and the subsequent acceleration of the debt. Pursuant to the verdict entered by the Court in favor of the Plaintiff and against the Defendant, kindly be advised that Plaintiff is seeking the sum of $117,549.22 including, interest, costs and attorney's fees.

**Page Two**

Please also be advised that the mortgage, which you have, as Plaintiff handed you copy of it at the Trial on January 28, 2002, state the name and address of the original mortgage lender.   The name and address of the original mortgagee was CoreStates Mortgage Services Corporation, One Hillendale Road, Perkasie, PA 18944.  As to your request to inspect the original copy of the mortgage, please be advised that the certified copy of the mortgage that was introduced in to evidence at the January 28, 2002 trial is the true and correct certified mortgage which was filed by the original mortgagee, CoreStates, when you made, executed and delivered the mortgage to CoreStates on March 6, 1995.  The mortgage was filed with the Office of the Recorder of Philadelphia County.  The certified copy of the mortgage was entered into evidence without your objection under Pennsylvania Rules of Evidence, Rule 902(4).

Kindly be advised that you have the right to bring your loan current up until one hour before a scheduled Sheriff's Sale in order to avoid foreclosure.   Please be advised that our office is proceeding with the foreclosure action.


Very truly yours,

Sheetal R. Shah-Jani, Esquire
SSJ/all
cc:      Wells Fargo Home Mortgage (Charlotte, NC) via email only
         Attn:  Michelle Jeffries, Foreclosure Department, Acct. No. 4176380

---

* Please be advised that this firm is a debt collector attempting to collect a debt.  Any information received will be used for that purpose.  If you have previously received a discharge in bankruptcy and this debt was not reaffirmed, this correspondence is not and should not be construed to be an attempt to collect a debt, but only enforcement of a lien against property.

PLAINTIFF'S EXHIBIT K SEVEN PAGES.

PLAINTIFF'S EXHIBIT K & 7 pages

**FEDERMAN AND PHELAN, L.L.P.**
One Penn Center at Suburban Station
Suite 1400
Philadelphia, PA 19103
215-563-7000
Fax: 215-563-4491
Email: sheetal.shahjani@fedphe.com

Sheetal R. Shah-Jani, Esquire
Ext. 1289

Representing Lenders in
Pennsylvania and New Jersey

July 24, 2001

Office of the Prothonotary
City Hall
Broad and Market Streets
Philadelphia, PA 19107

Re:   First Union Mortgage Corporation vs. Atuahene Oppong
      CCP, Philadelphia County, January Term 2000, No.: 002221

Dear Sir/Madam,

Enclosed for filing please find Plaintiff's Praecipe to Substitute Party Plaintiff and Certification of Service. Please return a time-stamped copy of the Praecipe and Certification in the enclosed self-addressed stamped envelope.

Very truly yours,

Sheetal R. Shah-Jani, Esquire

cc:   Wells Fargo Home Loan (Charloette, NC), Acct. No.: 4176380
      Attn.: Janie Bergthold
      Atuahene Oppong, Pro Se

FEDERMAN AND PHELAN
BY SHEETAL R. SHAH-JANI, ESQUIRE
Identification No.: 81760                                    ATTORNEY FOR PLAINTIFF
One Penn Center at Suburban Station
1617 J.F.K. Blvd., Suite 1400
Philadelphia, PA 19103-1814
(215) 563-7000

| | | |
|---|---|---|
| First Union Mortgage Corporation | : | Court of Common Pleas |
| s/b/m to Corestates Mortgage Services Corporation | : | Civil Division |
| 1100 Corporate Center Drive | : | |
| Raleigh, NC 27607-5066 | : | Philadelphia County |
| Plaintiff | : | |
| | : | January Term 2000 |
| vs. | : | |
| | : | No.: 002221 |
| Atuahene Oppong | : | |
| 7200 Sprague Street | : | |
| Philadelphia, PA 19119 | : | |
| Defendant | : | |

## CERTIFICATION OF SERVICE

I hereby certify a true and correct copy of the foregoing Plaintiff's Praecipe to Substitute Party Plaintiff from First Union Mortgage Corporation s/b/m to Corestates Mortgage Services Corporation to Wells Fargo Home Mortgage, Inc. thereof was served by regular mail on counsel for Defendant on the date listed below:

Atuahene Oppong, Pro Se
7200 Sprague Street
Philadelphia, PA 19119

DATE: 7|24|01                                BY: _____
                                                  Sheetal R. Shah-Jani, Esquire
                                                  Attorney for Plaintiff

FEDERMAN AND PHELAN
BY FRANK FEDERMAN, ESQUIRE
Identification No.: 12248                          ATTORNEY FOR PLAINTIFF
One Penn Center at Suburban Station
1617 J.F.K. Blvd., Suite 1400
Philadelphia, PA  19103-1814
(215) 563-7000

---

First Union Mortgage Corporation                :      Court of Common Pleas
s/b/m to Corestates Mortgage Services Corporation :    Civil Division
1100 Corporate Center Drive                      :
Raleigh, NC  27607-5066                          :      Philadelphia County
         Plaintiff       :
                         :      January Term 2000
         vs.             :
                         :      No.:  002221
Atuahene Oppong                                  :
7200 Sprague Street                              :
Philadelphia, PA  19119                          :
         Defendant       :

## PRAECIPE TO SUBSTITUTE PARTY PLAINTIFF

**TO THE PROTHONOTARY:**

      Pursuant to P.A. C.R.P. 2352 (a), kindly substitute First Union Mortgage Corporation s/b/m Corestates Mortgage Services Corporation to Wells Fargo Home Mortgage, Inc. as party plaintiff with the above referenced matter. A true and correct copy of the recorded Assignment from First Union Mortgage Corporation s/b/m Corestates Mortgage Services Corporation to Wells Fargo Home Mortgage, Inc. is attached hereto as Exhibit A.

Date:   July 24, 2001                          _Frank Federman_
                                     Frank Federman, Esquire/ssj
                                     Attorney for Plaintiff

**EXHIBIT A**

# RECORDING INFORMATION SUMMARY (RIS)

| | |
|---|---|
| The information provided by you will be relied upon by the Department of Records for examination and indexing purposes. If there is any conflict between the RIS and the attached document, the information on the RIS shall prevail for examination and indexing purposes. | **RETURN DOCUMENT TO:**<br>Name: <u>Federman and Phelan, LLP</u><br>Address: <u>One Penn Center at Suburban, Ste. 1400</u><br><u>1617 J.F.K. Blvd., Ste. 1400</u><br><u>Philadelphia, PA 19103-1814</u><br><u>Attn: Don Goodman</u><br>Telephone: <u>215-563-7000</u> |

**1. Type of Document:**

| | | | |
|---|---|---|---|
| ☐ Deed | ☐ Mortgage | ☐ Lease/Memorandum of Lease |
| ☐ Sheriff's Deed | ☐ Release of Mortgage | ☐ Assignment of Lease & Rent |
| ☐ Deed of Condemnation | ☒ **Assignment of Mortgage** | ☐ Easement |
| ☐ Other Deed | ☐ Satisfaction of Mortgage | ☐ Other _____ |
| | | (specify) |

**2. Date of Document:** <u>03/06/ 95</u>
month  day  year

**3. Grantor/Mortgagor/Assignor/Lessor/** (a.)
Other: <u>**First Union Mortgage Corporation, s/b/m to Corestates Mortgage**</u>
<u>**Services Corporation**</u>
*(Last Name, First Name, Middle Initial)* (b.)
☐ Additional names on Continuation Page of RIS

**4. Grantee/Mortgagee/Assignee/Lessee/** (a.)
Other: <u>Wells Fargo Home Mortgage, Inc.</u>
*(Last Name, First Name, Middle Initial)* (b.)
☐ Additional names on Continuation Page of RIS

**5. Property Address:**

(b.) House No. & Street Name: <u>7200 Sprague St.</u>

Condo Name (if applicable): _____ Unit # Philadelphia, PA Zip Code <u>19119</u>

BRT Account # (optional): _____ Parcel Identification Number (PIN) (optional): <u>97 N 19-155</u>

☐ Additional names on Continuation Page of RIS

**6.** Grantee's Mailing Address (Deed Only):
(If Grantee is at a different address than the Property Address listed in Section 5, complete this section.)

Grantee or Designee Name: _____

House No. & Street Name: _____

City: _____ State: _____ Zip Code: _____

**7.** Recording information to be Referenced. Mortgage to be released/satisfied/assigned/modified:

Recorder's Index Information
(a.) Name of Original Mortgage: <u>Corestates Mortgage Services, Inc.</u> of Original Mortgage:
Recording Date of Original Mortgage:
<u>06 / 22 / 01</u> <u>bk VCS 1632 & pg 071</u>
month  day  year Initials. Book and Page or Doc. ID#

☐ Additional names on Continuation Page of RIS

---

**Optional Information**

| Consolidation | Subdivision |
|---|---|

<u>First Union Mortgage Corporation, s/b/m to Corestates Mortgage</u>
<u>Services Corporation</u>
Assignor Name
<u>(215) 563-7000</u>
OR Telephone Number
*D.E. Goodman*
Signature (For Assignor)

FOR DEPT USE ONLY

**50262712**
Pg: 1 of 4
05/29/2001 10 59

This Document Recorded
05/29/2001
10:59AM
Doc Code A

Doc Id: 50262712
Receipt #: 94732
Rec Fee 43.50
Commissioner of Records. City of Philadelphia

# PENNSYLVANIA

COUNTY *PHILADELPHIA*

PARCEL NO.

POOL NO.

LOAN NO.   *4176380 (9675884) [0820529060 FHLMC]*

# ASSIGNMENT OF MORTGAGE

Assignment-Interv.-Recorded

KNOW ALL MEN BY THESE PRESENTS, that *FIRST UNION MORTGAGE CORPORATION*

located at *1100 CORPORATE CENTER DRIVE, RALEIGH, NC  27607*
hereinafter referred to as Assignor, for and in consideration of the sum of  ONE DOLLAR ($1.00) lawful money
United States of America, together with other good and valuable consideration, to it in hand paid by *WELLS
FARGO HOME MORTGAGE, INC*

located at *1 HOME CAMPUS, DES MOINES, IA 50328-0001*
hereinafter referred to as Assignee, at or before the  delivery of these presents,  the receipt of which is
acknowledged, has granted, bargained, sold, assigned, transferred, conveyed and set over unto said Ass
its successors and assigns, all of its right, title and interest in and to that certain Mortgage dated the *6t*
day of *MARCH*              , *1995*   made and executed by *ATUAHENE OPPONG*
_____, Mort
to *CORESTATES MORTGAGE SERVICES CORPORATION*                              , Mort
covering premises situated in the County of *PHILADELPHIA*                , Commonwealth of Pennsyl
more particularly described therein and commonly known as:
*CITY             OF    PHILADELPHIA*
*PROPERTY ADDRESS: 7200 SPRAGUE STREET, PHILADELPHIA, PA   19119*
   Parcel No: 97 N 19-155
Said Mortgage was duly recorded on the *22nd*  day of *JUNE*                    , *1995*   in the office o
the Register, Clerk of Recorder of Deeds of *PHILADELPHIA*            County, in Book *VCS M 1632*
at Page *071*            or Document No. *000243*          of the Official Records of said Register
Clerk of Recorder of Deeds; together with that certain Note of even date  and  secured thereby in the principa
amount of  *SEVENTY-FIVE THOUSAND and NO/100-----*          (*$ 75,000.00*
made and executed by mortgagor  and  payable to the order of the aforementioned Mortgagee.  TO HAVE AND TO HOL
the same unto said Assignee, its successors and assigns to its and their proper use and benefit forever.

58262712
Page: 2 of 4
05/29/2001 10 59A

5/24/01
Carol Miller
4176380

Loan No.

*J=FUM876C.S.00718*

IN WITNESS WHEREOF, said FIRST UNION MORTGAGE CORPORATION

has caused these presents to be duly executed by its proper officer this **13th** day of **APRIL 2001**
but made effective **MARCH 15, 2001** .

**FIRST UNION MORTGAGE CORPORATION**
s/b/m to Corestate Mortgage Services
Corporation

BY _____  BY _____
**CAROLYN BROWN**  **CARLA A. TENEYCK**
**SECRETARY**  **VICE PRESIDENT**

STATE OF **IDAHO**  COUNTY OF **BONNEVILLE**

On **APRIL 13, 2001** , before me, **JOAN COOK** , personally appeared
**CARLA A. TENEYCK** and **CAROLYN BROWN** personally known
to me (or proved to me on the basis of satisfactory evidence) to be the persons who execute the within instrument
as **VICE PRESIDENT**
**SECRETARY** on behalf
of **FIRST UNION MORTGAGE CORPORATION** s/b/m to Corestates Mortgage Services Corporation

and acknowledged to me that the Corporation executed it.

**JOAN COOK (COMMISSION EXP. 02-16-07)**
Notary Public

```
JOAN COOK
NOTARY PUBLIC
STATE OF IDAHO
```

The assignee hereby certifies:  ASSIGNMENT OF MORTGAGE
**WELLS FARGO HOME MORTGAGE, INC**  BETWEEN: **FIRST UNION MORTGAGE CORPORATION**

Precise residence is: **1 HOME CAMPUS, DES**  AND **WELLS FARGO HOME MORTGAGE, INC**
**MOINES, IA 50328-0001**

After recording return to:
FEDERMAN AND PHELAN LAW OFFICES
Suite 1400, One Penn Center
Philadelphia, PA 19103-1814

**CARLA A. TENEYCK**
**VICE PRESIDENT**

59262712
Page: 3 of 4
05/29/2001 10:59A

C=S.097.0035
P=S.001.305
(NMRI.PA.2)  J=FUM876C.S.00718

Page 2 of 2